UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:21-cv-260 |
| v. | ) |
| | ) |
| **Shain Melanie, individually** | ) |
| | ) |
| **And** | ) |
| | ) |
| **KBP INVESTMENTS, LLC, a Delaware Limited Liability Company**, | ) |
| | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendants **SHAIN MELANIE** and KBP INVESTMENTS, LLC, a Delaware Limited Liability Company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

### PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants **SHAIN MELANIE** and KBP INVESTMENTS, LLC own a KFC located at 4515 Maplecrest Road, Fort Wayne, IN 46835 in Allen County. Plaintiff has patronized Defendants' restaurant previously as a place of public accommodation.

6. Upon information and belief, the restaurant owned or operated by the Defendants was originally built commencing in 1998 and granted permits for occupancy in 1998 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. As Defendants owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendants' facilities as a restaurant and place of public

2

accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participant who also has many friends who compete in adaptive sports all over the Midwest region, including multiple friends in a sled hockey league that annually compete in Fort Wayne. Among many recent visits to the area, Mr. Foster has recently purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer, been a spectator at a two day sled hockey tournament in Ft Wayne and was himself a participant at this same tournament in past years. These are a few among many other visits to Ft Wayne, IN in recent years.

9. Leland Foster frequents many establishments in the area and has visited and been a customer at Defendant's restaurant which forms the basis of this lawsuit, most recently on January 17, 2020 as well as other previous occasions. Mr. Foster plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Completely independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the KFC, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. The required access aisle does not extend the full length due to the presence of a concrete ramp, in violation of the ADA whose remedy is readily achievable.

B. There are no marked designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

C. There is no accessible route from the designated accessible parking to the entrance due to a non-compliant ramp with excess slope and cross-slope, in violation of the ADA whose remedy is readily achievable.

D. There are cracks and changes in level along the accessible route leading to the entrance, in violation of the ADA whose remedy is readily achievable.

Restrooms

E. The men's restroom lacks required signage inclusive of the international symbol of accessibility and tactile braille, in violation of the ADA whose remedy is readily achievable.

F. The clear floor space to approach the men's restroom paper towel dispenser is

      obstructed by a trash receptacle, in violation of the ADA whose remedy is readily achievable.

G. The required maneuvering clearance at the latch side of the men's restroom exit door is obstructed by a trash receptacle, in violation of the ADA whose remedy is readily achievable.

H. The men's restroom mirror is mounted in excess of the permitted height above the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

I. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

J. The men's restroom the toilet paper dispenser is not mounted in the required location and obstructs use of the side grab bar, in violation of the ADA whose remedy is readily achievable.

K. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable

<u>Policies and Procedures</u>

L. The Defendants lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendants **SHAIN MELANIE** and KBP INVESTMENTS, LLC are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff

6

requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The restaurant at issue, as owned and operated by **SHAIN MELANIE** and KBP INVESTMENTS, LLC, constitutes a public accommodation and service establishment, was constructed for first occupancy in 1998 after the enactment of the Americans with Disabilities Act, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove

20. the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such alterations or readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **SHAIN MELANIE** and KBP INVESTMENTS, LLC own and operate a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

23. Defendants have committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Upon information and belief, the restaurant was originally built in 1998, requiring that it be fully compliant with at minimum the 1991 ADA Standards for Accessible Design and they are not.

24. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all alterations or readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. District of Indiana